You may proceed. You can adjust that table downward if you prefer. Thank you. May it please the Court, Counsel, my name is Vicky Buter and I represent the appellant Neil Chandran in this matter. As the Court is aware, Mr. Chandran filed a motion in the District Court for the return of property and seeking a Lewis hearing to challenge the pre-conviction restraint of certain property, something this Court has determined is an extreme measure by the government. Mr. Chandran sought these motions and filed these motions in order to give him access to funds to hire private legal counsel consistent with the Sixth Amendment rights. In this appeal, Mr. Chandran is appealing two orders issued by the District Court, what we have called the First Order and the Second Order. The First Order found that Mr. Chandran waived his right to challenge the pre-restraint, pre-conviction restraint of property because he consented to the sale of some of that property. It also found that Mr. Chandran did not satisfy the Lewis requirements to demonstrate that he was entitled to that hearing. The Second Order was an order on a motion filed by the government to retain possession of assets that were seized pretrial. That Second Order was granted by the District Court, and we believe that both orders constitute error. With regard to the First Order, we submit the District Court error in two respects. Let me ask you first about jurisdiction. What's the basis of the jurisdiction for the appeal in your view? Sure. Whether the orders are appealable, Your Honor. Absolutely. So let me address the Second Order first, if I may, because I think that's a little more straightforward. Okay. The Second Order was issued under Title 21 U.S.C. Section 853e. And Section 853e allowed the government to put a restraint on the assets that were being held by the government. And as a result, we believe that that has the effect of an injunction and is appealable as an interlocutory appeal under 1292A1. What's the closest case you have where we've done something similar or assumed or taken jurisdiction on a similar situation? From a specific order similar to that motion? Yes. Well, Your Honor, there are several cases where interlocutory appeals of pre-seizure restraints take place. There is the Riley case in the Eighth Circuit, although that was under a slightly different section of 1292. There's Cayley. There's the Monsanto case. And then there are other cases as well, Your Honor, where essentially when the practical effect is injunctive relief, the courts have found that Section 1292A1 does allow for an interlocutory appeal. I will address the First Order, too, Your Honor, since you asked. With regard to the First Order, which is the appealability of the denial of the Louise hearing and the denial of the motion for return of property, we argue that it's appealable under two different exceptions to the finality rule. The first one is 1292A1, and the second is the collateral order exception. Again, with regard, the government has argued that the First Order is not appealable because unlike other cases where Louise hearing denials have been appealable, this was not a situation where a Section 853E restraining order was entered. It's a section where an 853F seizure warrant was issued by the court. And that's the government's argument as to why that is not appealable. But here, we would submit that as the Eighth Circuit has held and the United States Supreme Court has held, that exception under 1292A1 applies where the underlying order has the practical effect of an injunction. And here, the seizure warrant taking possession of those assets has that practical effect of an injunction. So it's appealable under that doctrine. And the second doctrine we submit that would apply to make that First Order appealable is the collateral order doctrine. As the Court is well aware, the collateral order doctrine allows appeals if three elements are met. Essentially, the order has to conclusively determine a disputed question. The order has to resolve an important issue completely separate from the merits. And the order has to be effectively unreviewable on appeal from a final judgment. And all three of those elements are met here. The order denying Mr. Chandran the right to a Louise hearing conclusively determines that issue, that he cannot challenge the pre-conviction restraint of his assets to allow him access to legal fees for a private defense. Second element is also met. It resolves an issue that is very separate from the issue before the Court, i.e., the guilt or innocence of Mr. Chandran. And finally, the practical effect is that that denial of that Louise hearing request essentially is unreviewable from a final order. By the time we get to the final order here, the damage would be done if Mr. Chandran was not entitled to at least challenge the availability of those funds. And for those reasons, we submit to the Court that this is an immediately, interlocutorily appealable order. With regard to the merits, Your Honors, again, I'd like to address the first order and the second order just quickly as to why we believe the District Court erred. With regard to the first order, we submit the District Court erred in arguing that Mr. Chandran waived his right to challenge the pretrial restraint of these assets. The District Court's order was based on the fact that Mr. Chandran consented to the sale of some of the property that was in the government's possession. And the District Court, in its first order that entered, with regard to some specific property that we have called the Third Street property, specifically indicated in her order that, and I quote, the substitute res was agreed to, and I quote, until the conclusion of this criminal case. That is not what the order said that Mr. Chandran agreed to. The order that Mr. Chandran agreed to said that he could agree that the government could maintain the proceeds until further order of the Court. That is not suggesting that that could be kept until the end of the criminal case. It is simply until further order of the Court. And that order could well be an order resulting from a Louise hearing that allowed some of those funds that were untainted to be released to Mr. Chandran for private defense. We also submit, Your Honors, that the District Court erred in finding that Mr. Chandran did not meet the prerequisites for showing he was entitled to a Louise hearing. We submit that he did. The two factors that I think everybody's operating under are the Jones-Farmer factors, and under those factors, to be entitled to a Louise hearing, a defendant must show a bona fide need to utilize the seized asset for defense and must make a prima facie showing that some portion of the assets is not traceable to the Commission of the Alleged Offense. And Mr. Chandran made both of these showings in his motion before the Court. First, Mr. Chandran has had a federal public defender appointed from the start of his arrest and throughout his time. He submitted some financial statements in connection with that, and the Court found that he did not have the assets to hire legal counsel. He also submitted an affidavit in connection with the motion for the Louise hearing that indicated he did not have additional assets. And while he did identify some assets in a bank account in the UK, he testified, or he submitted a declaration that he does not have access to those, and his cousin by marriage also indicated those assets were not available. With regard to the second element under the Jones-Farmer factors that Mr. Chandran make a prima facie showing that some portion of the asset seeds were not traceable, I'd like again to focus on the Third Street property. In the government's superseding indictment, the only count that the government links to the Third Street property directly is count nine, and that is a money laundering account that references that the amount of $900,000 was utilized in the alleged money laundering crime. In this instance, the evidence we submitted to the Court demonstrates that the Third Street property was purchased for over $4 million and then ultimately sold for over $2 million. So we would submit that on the face of the indictment itself, and in light of where the assets are, there is at least a prima facie case made that some of those assets may not be tainted assets and may be available for the release of legal defense. Likewise, we also noted that that property was in the name of a different entity. It was not in the name of Mr. Chandran. Yeah, who owns ViMarkets? I know that Defendant Brian Lee has an interest in ViMarkets. I don't know, Your Honor, who owns ViMarkets beyond that. I know that it was Mr. Lee who had to sign the consent order for the sale. He is a co-defendant, right? He is a co-defendant, yes. And doesn't that make it, isn't it enough to make it forfeitable under Honeycutt? Well, we would argue no, Your Honor. We would argue that under Honeycutt, the forfeitable assets have to be owned by or possessed by the actual defendant, and that even though there's a co-conspirator, you know, allegation in the indictment, that does not mean that that can be taken possession of. And we would also note, Your Honor, to that point, even if some of it might be forfeitable under Honeycutt, not all of it is, because, again, the only allegation related to that property in the indictment as it stands is a $900,000 amount. And so we believe that at least shows the prima facie case that should have permitted Mr. Chandran to get to that Lewis hearing to allow him to more fully put on evidence of the connection or lack of connection to some of these proceeds that have been seized in the extreme measure of pretrial frustration. I'll just briefly touch on the second order, Your Honor. The second order, we also believe, is an error by the district court. That was a motion by the government to continue to retain the assets that were seized, certain assets that were seized in this litigation. In that second order, the district court granted the motion, but did not make any kind of independent finding as to whether or not those assets were actually forfeitable under the law. And we would submit that, based on this Court's Riley decision, which talks about the pre-conviction seizure of assets and the need for a hearing, that the court should have, at the very least, had a hearing to determine whether the assets that the government was seeking to retain were, in fact, forfeitable under the law and tied to the alleged criminal offenses. And we would also submit that, in light of the fact that Mr. Chandran had requested a Lewis hearing, that should have taken place before the second order was entered as well. And unless the court has questions right now, I'd like to take care of my time for rebuttal. You may. Thank you for your argument. Ms. Rooney, we'll hear from you. Job stop word. May it please the Court. Chelsea Rooney for the government. The defendant's appeal of these two pretrial orders is outside the limited interlocutory jurisdiction of this Court and should be dismissed. It is well settled that in criminal cases, appellate review is not available until a final order is entered, which is conviction and sentencing. And the rule of finality is particularly stringent in criminal cases as it is meant to prevent inefficient piecemeal review of an ongoing case, premature review of non-final issues, disruption of the trial proceedings, and disruption of a right to a speedy trial. Yet the defendant is here today while awaiting trial to seek adjudication of the substantive matters in the criminal case against him, including the criminal forfeiture action. To broaden the definition of an appealable injunction under Section 1292A1, as the defendant asks today, would be inconsistent with the Supreme Court's narrow definition of an appealable injunction and would allow defendants to flood the appellate courts with baseless interlocutory appeals like this one. Whether this Court has appellate jurisdiction is a compulsory question review de novo, and the burden is on the defendant to make the showing that this Court has jurisdiction. Today is the first time that the defendant has affirmatively argued that this Court has jurisdiction under the collateral order doctrine. It was not in the defendant's briefs or reply other than to note that the had rebutted that particular avenue for jurisdiction. And the orders at issue do not meet the very narrowly limited collateral order doctrine. And the Supreme Court... Well, if that wasn't really argued, then maybe we should focus on the points that were argued. Yes, Your Honor. You can come back to collateral order, but that's not their lead argument. Yes. So, focusing on Section 1292A1, the injunction... I mean, the district court's decision to, you know, not return property to the appellant here seems a little close to an injunctive relief. Do you agree with that? So, the decision not to return property is the Rule 41G. Right. So, all the property at issue is noted in the indictment in the forfeiture allegation of the indictment. And there were 95 seizure warrants issued pursuant to civil and criminal forfeiture authorities, showing probable cause to believe that if the defendant is convicted, these properties would be forfeitable. So, returning them to the defendant isn't an option under the forfeiture statutes because they are subject to... they have alleged to be forfeiture. Going back to what... But I actually sort of noticed that, at least I didn't think you argued that the 41G had the practical or didn't have the practical effect of an injunction. Right. 41G is in a sort of special category because the Supreme Court has addressed that specific type of issue in terms of appeal in the case DiBella. And the court requires in DiBella a showing that the case is not linked to the criminal prosecution against the defendant and that the motion is only for the return of property. So, you think the 41G falls under DiBella and that's the only thing that needs to be applied? Right. The defendants who have said that DiBella did not permit an interlocutory appeal have said, you can't go around that by now claiming it's a 1292A1 injunction order. So, the DiBella analysis decides the issue in our view. How about the housekeeping order under 853E? So... What's your thought on that? The defendant is arguing that all permits a broad range of relief. The district court may order an injunction, a restraining order, satisfactory performance bond, or quote, take any other action to preserve the availability of property for forfeiture. So, we would say section 853E is broad and the court has to look at the specific circumstances and nature of the order being appealed. Here, the housekeeping order simply stated that the government was in proper possession of the property and could retain, maintain custody of that property for purposes of criminal forfeiture. So, it just maintained the status quo. It did not order any party to take or not take certain action. What was the previous status quo that justified the seizure? Remind us of that and why was the housekeeping order needed? So... This is the civil, the dual... That's exactly right. Your Honor, our view is that the housekeeping order in this particular case was actually not necessary because the government sought seizure warrants for all the property subject to the housekeeping order pursuant to civil and criminal forfeiture authorities. That permitted the government to maintain custody of those assets pending the completion of the And the housekeeping order was really only sought because the magistrate judge misstated, misfound that the seizure warrants were only issued pursuant to civil forfeiture authorities. And in... So, in a more typical case, there could be a seizure under the civil forfeiture statute and then the government does need this order? So, yeah, and we don't think that would actually change the If we had only sought... If the government had only sought seizure pursuant to civil forfeiture authorities and it needed this order, it's really just a pro forma order saying, you know, because everything subject to civil forfeiture is criminally forfeitable. So, what's the purpose of the so-called pro forma order in that situation? It's... So, under Section 8, excuse me, Section 983 of the forfeiture statutes, it says that if property is seized pursuant to civil forfeiture authorities, the government can initiate criminal forfeiture in lieu of a civil forfeiture proceeding, but it must do so in accordance with the criminal forfeiture statute. And the criminal forfeiture statute 853E is sort of the mechanism that the government uses to say, you know, we're not initiating a civil forfeiture proceeding, but we'd like to maintain custody, lawful custody of this property for criminal forfeiture. And so, courts issue the order just saying you're complying with the criminal forfeiture statutes. Okay. And why is that not... Why does that not have the effect of an injunction, in your view? So, this court looks to the particular order, and we would ask this court to look to the particular nature and characteristics of the order to determine whether it grants or denies an injunction, or has the practical effect of granting or denying an injunction. And that would be it's directed at one or more of the parties to take or not take certain action. It is coercive and equitable in nature and enforceable by contempt. And none of those characteristics are the housekeeping order in this case. And because the housekeeping order doesn't order any of the parties to take or not take certain action, it simply permits the government to maintain custody. The government could seek not to criminally forfeit the property, but it permits the government to maintain the property pending completion of the forfeiture action. And the second piece of this injunction analysis is very important. The Supreme Court in Carson v. American Brands held that even an order with the practical effect of an injunction would not meet the exception in 1292A1 unless the appellant shows both that the order might have serious, perhaps irreparable consequences, and that the order can be effectually challenged only by immediate appeal. And this language sort of mirrors the collateral order doctrine language in that the court is really limiting these interlocutory appeals to situations where there is no alternative remedy. And the remedy here is very clear. It's the criminal trial and the criminal forfeiture that's pending against the defendant. And the defendant has not shown either of, has not made either of those showings, as stated in Carson. As to the first order, which sought the return of property and a Louise hearing, we would say the denial of an evidentiary hearing also does not bear the resemblance to an injunction. And the defendant has not provided any basis for this court to hear that denial of a hearing on an interlocutory basis. Unless the court has further questions on jurisdiction, I can briefly move to the merits. There was no abuse of discretion in denying these orders, and we would ask the court if it reaches the merits of the orders to affirm the district court. On the Louise question, this motion for an evidentiary hearing, it simply did not meet the requirements to have a hearing in that the defendant did not make the showings required under Jones-Farmer, did not make a prima facie showing that the assets here are not traceable to the offenses charged. He's simply arguing that he doesn't have ownership or possession in the property, which does not affect whether the property itself is traceable to the offenses and would be forfeitable upon conviction. As to the motion for return of property and the housekeeping order, the defendant's arguments are meritless because, as we've stated, the property at issue here has all been alleged to be traceable to the offenses charged and alleged to be forfeitable. And the government otherwise rests on its brief, but is happy to answer any other questions. Very well. Thank you for your argument. All right. Thank you. The government respectfully requests that you dismiss for lack of jurisdiction or affirm. Ms. Buder, we'll hear rebuttal. A bit of a height difference here. Thank you. I just briefly would like to address a couple of points. I'll start with the second order, what the court referred to as the housekeeping order. First of all, we note that the government did not object to the magistrate judge's finding that that motion to continue possession of the property was required. And so we submit that that has been waived to argue that it was not applicable. Second, we're not arguing that every single 853E order entered by a court is immediately appealable. But in this instance, it is clearly a situation where the court said to the government, you need to file something to continue to retain possession of that property. And it is a restraint on the property. And it does have the practical effect of injunctive relief on that property. And we would note that it does meet the standard that my opposing counsel referenced. There would be severe irreparable injury to Mr. Chandran and severe consequences if this particular order was not appealable. Because it is basically telling him, you will not have funds to allow you to pursue your Sixth Amendment right to private legal counsel. With regard to the first order, Judge, you had asked me, Your Honor, about a case that might be helpful. This is a little bit different. But I did want to alert the court to a case that's not in our briefing. It is a case, United States v. All Assets of Statewide Auto Parts, Inc., 971F2-896, Second Circuit, 1992. In that case, the court concluded that an ex parte seizure warrant was appealable under 1292A1, even though it was not labeled as an injunction, because it had the practical effect in that instance of enjoining a business from operating. And so it is a situation where a seizure warrant argument was found to be akin to an injunction. And with that, unless the court has further questions, we would ask that the court reverse the findings of the district court, remand to the district court with instructions to hold a Lewis hearing and allow Mr. Chandran to challenge whether or not the assets that were seized pre-conviction by the government are actually tainted and subject to forfeiture. And I thank you for your time. Thank you. Say, on the case that you just raised that you said is not in your briefing, would you be so kind as to send a letter to the clerk citing the case? And then the government may send a short letter in response, if appropriate. Then we'll be fully apprised of the authority. Absolutely, Your Honor. We'll get that on file. Thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course. Counsel are excused.